IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NIGELLUS DEVONTE DAVIS | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:19cv973-HSO-JCG |
| | § | |
| MISS. LOTTERY & SPORTS BETTING | § | DEFENDANT |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

THIS MATTER is before the Court sua sponte. For the reasons that follow, the Court finds this civil action should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Nigellus Devonte Davis ("Plaintiff") filed suit in this Court on December 17, 2019, against Defendant Miss. Lottery & Sports Betting. Compl. [1] at 1-2. Plaintiff contends that he "hit the Lottery and store didn't honer [sic] it," *id.* at 3, and he "won and the store gave [him] fasle [sic] reading," *id.* at 4. Plaintiff seeks relief of "[a]ll there [sic] companys [sic] and money payouts." *Id.* at 4. According to Plaintiff, the amount in controversy is "400,800,000.00 USD Millions." *Id.*

In addition to this lawsuit, Plaintiff has filed at least 17 other lawsuits in this Court in a period of less than one month, from November 21 to December 17, 2019. *See Davis v. Keesler Air Force Base*, No. 1:19cv903-LG-RPM, Compl. [1] (S.D. Miss. Nov. 21, 2019); *Davis v. State of Florida Lottery*, No. 1:19cv904-HSO-JCG, Compl.

[1] (S.D. Miss. Nov. 21, 2019); *Davis v. Beau Rivage*, 1:20cv352-HSO-JCG, Compl. [1] (S.D. Miss. Nov. 24, 2019); *Davis v. IRS*, 1:20cv353-LG-RPM, Compl. [1] (S.D. Miss. Nov. 24, 2019); *Davis v. Navigator Bank*, 1:20cv357-LG-RPM, Compl. [1] (S.D. Miss. Nov. 30, 2019); *Davis v. Harrison County Second Judicial District*, 1:19cv962-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Walmart*, 1:19cv963-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. IP Casino Resort SPA*, 1:19cv964-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Biloxi Police Dept.*, 1:19cv965-HSO-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Ocean Springs Police Dept.*, 1:19cv966-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Golden Nugget Casino*, 1:19cv967-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Palace Casino*, 1:19cv968-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Kessler Bank*, 1:19cv969-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Bancorp South*, 1:19cv970-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. DIberville Police Dept.*, 1:19cv971-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Shoe Station*, 1:19cv972-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. McDonalds*, 1:19cv974-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019).

At least six of these civil actions have been dismissed for Davis's failure to respond to or comply with Court orders, for failure to prosecute, or for lack of subject-matter jurisdiction. *See Davis v. Beau Rivage*, 1:20cv352-HSO-JCG, Order [4] at 2-4 (S.D. Miss. Dec. 22, 2020) (Davis failed to show the Court possessed subject-matter jurisdiction, failed to prosecute, and failed to obey an Order of the

Court); *Davis v. DIberville Police Dept.*, 1:19cv971-HSO-JCG, Order [11] at 5-6 (S.D. Miss. Dec. 14, 2020) (Davis failed to comply with two Court orders and file an amended complaint as ordered); *Davis v. Kessler Bank*, 1:19cv969-HSO-JCG, Order [5] at 2-3 (S.D. Miss. Oct. 6, 2020) (Davis failed to comply with two Court orders, despite being warned that failure to do so may result in dismissal); *Davis v. IP Casino Resort SPA*, 1:19cv964-HSO-JCG, Order [5] at 2-3 (S.D. Miss. June 10, 2020) (Davis failed to respond to two Court orders and file an amended complaint as ordered); *Davis v. Ocean Springs Police Dept.*, 1:19cv966-HSO-JCG, Order [5] at 2-3 (S.D. Miss. June 10, 2020) (Davis failed to comply with two Court orders and file an amended complaint as ordered); *Davis v. State of Florida Lottery*, No. 1:19cv904-HSO-JCG, Order [11] at 2-7 (S.D. Miss. June 9, 2020) (Davis failed to respond to two orders to show cause, and the Court lacked jurisdiction).

In this case, Plaintiff filed a Motion [2] to Proceed In Forma Pauperis ("IFP"), *see* Mot. [2], which the Court denied without prejudice on April 10, 2020, *see* Order [3] at 3.  The Court required Plaintiff to either pay the $400.00 civil filing fee or fully complete the IFP application.  *Id.*  Plaintiff did not timely respond to that Order [3], pay the filing fee, or complete the required form.  On May 13, 2020, the Magistrate Judge entered a Final Order [4] to Show Cause requiring Plaintiff to either pay the civil filing fee or submit a completed IFP application by May 29, 2020.  *See* Order [4] at 2.  Finally, on June 4, 2020, Plaintiff submitted his IFP application [5], *see* Mot. [5], which the Magistrate Judge provisionally granted, *see* Order [6] at 1.

3

On October 21, 2020, the Magistrate Judge ordered Plaintiff to file "an amended complaint which demonstrates why his claims should not be dismissed for lack of subject-matter jurisdiction, failure to state a claim, and as factually frivolous." Order [7] at 7. Plaintiff was warned that his failure to comply with the Court's Order may result in dismissal of this suit for failure to prosecute. *Id.* Plaintiff did not respond to the Order [7] or file an amended complaint.

On November 23, 2020, the Magistrate Judge entered a Second Order [8] to Show Cause directing Plaintiff file his amended complaint and to show cause on or before December 9, 2020, why the case should not be dismissed for lack of subject-matter jurisdiction, for failure to state a claim, and as factually frivolous. Order [8] at 8. The Magistrate Judge noted that Plaintiff had not alleged sufficient facts to state a claim upon which relief may be granted and that he appeared to present the type of fantastic and delusional scenarios appropriate for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 5-7.

In light of his history of filing lawsuits without a good faith basis, the Second Order [8] to Show Cause also required Plaintiff to show cause why he should not be enjoined from filing future suits in this Court without first obtaining written permission from either a district judge or magistrate judge. *See id.* at 7-8. Plaintiff was again warned that his failure to comply with the Court's Order could result in the dismissal of his case. *Id.* To date, Plaintiff has not responded to the Court's Orders or filed an amended pleading.[1]

---

[1] The envelope containing the Magistrate Judge's earlier Orders [6], [7] was originally returned as undeliverable, but the Clerk of Court re-mailed them both to an address that

4

On December 14, 2020, the Magistrate Judge entered a Third Order [12] requiring Plaintiff to file an amended complaint that demonstrates federal subject-matter jurisdiction, that states a claim upon which relief can be granted, and that convinces the Court that his claims against "Miss. Lottery & Sports Betting" are not factually frivolous. *See* Order [12] at 1-2, 5-9. As the Magistrate Judge noted, based upon the allegations in the Complaint, complete diversity was lacking, federal question jurisdiction under 28 U.S.C. § 1331 has not been shown, and sovereign immunity appears to deprive the Court of jurisdiction. *See id.* at 4-5. The Magistrate Judge also ordered Plaintiff to show cause why he should not be enjoined from filing future suits in this Court without first obtaining written permission to do so from either a district or magistrate judge. *See id.* at 1-2, 8-9. Plaintiff's deadline for compliance with this Order was December 29, 2020. *See id.* at 2, 9.

The Third Order [12] was mailed to Plaintiff via the United States Postal Service at the address of record he had provided to the Court. To date, Plaintiff has not responded to the Order [12], filed an amended complaint, or otherwise communicated with the Court in over a month.

---

Plaintiff had provided on November 30, 2020. Plaintiff has not responded, and the envelope containing the Second Order [8] to Show Cause has not been returned to the Court. On November 30, 2020, Plaintiff did file what he entitled a "Motion for Speedy Trial," which stated that he "would like to let the case be heard and see what happens." Mot. [10] at 1. This is wholly irrelevant and unresponsive to the Magistrate Judge's Orders to Show Cause. Moreover, a Motion [10] for a Speedy Trial is inapplicable to civil proceedings. *See* U.S. CONST. amend. VI.

## II. DISCUSSION

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).

In this case, Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Compl. [1] at 3. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the Magistrate Judge stated in his Order [12], federal question jurisdiction under 28 U.S.C. § 1331 has not been shown. *See* Order [12] at 4. Nor has Plaintiff responded to the Magistrate Judge's Order seeking to establish whether the Court possesses subject-matter jurisdiction. Based upon the record, Plaintiff has not carried his burden of establishing the existence of federal subject-matter jurisdiction. This case should be dismissed without prejudice for lack of subject-matter jurisdiction.

Moreover, the Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);

6

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.

Plaintiff has not responded to three Orders of this Court and has not filed an amended complaint, as directed.  This case cannot proceed in any meaningful way until Plaintiff takes these actions.  Thus, the Court finds it appropriate under these circumstances to dismiss this suit without prejudice for failure to prosecute and failure to obey orders of the Court.

Plaintiff also did not respond to the Magistrate Judge's Order [12] to show cause why he should not be enjoined from filing future suits without first obtaining written permission to do so in light of his history of filing lawsuits without a good faith basis.  *See* Order [12] at 8-9.  Federal courts have inherent authority to "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation," under the appropriate factual circumstances.  *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).  It appears that such factual circumstances are present here.  However, the Court will not impose a pre-filing injunction at this time, but Plaintiff is strongly cautioned that his numerous filings in this Court, most if not all of which appear to be frivolous, may subject him to future sanctions.  Plaintiff is warned that the Court may find in the future that an injunction should

7

be entered, either in a case that is currently pending or in any future case. Plaintiff would then be required to first obtain written permission from either a district judge or magistrate judge before he may file any future lawsuits.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Nigellus Devonte Davis's claims against Defendant Miss. Lottery & Sports Betting are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 4th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE